366 F.Supp.2d 96 (2005)
Charles G. WILLIAMS, III, Plaintiff
v.
MAINE SUPREME JUDICIAL COURT INDIVIDUAL JUSTICES; G. Steven Rowe, in his official capacity as Maine Attorney General; Board of Bar Overseers, as an administrative agency and body in its official capacity; Department of Attorney General, as an administrative agency in its official capacity, Defendants.
No. CIV. 04-95-P-C.
United States District Court, D. Maine.
February 4, 2005.
Charles G Williams, III, Albany, GA, Pro Se.
Christopher C. Taub, Maine Attorney, General's Office, Augusta, ME, for Maine Supreme Judicial Court Individual Justices, G Steven Rowe in his official capacity Maine Attorney General, Board of Bar Overseers as an administrative agency and body it is official capacity, Department of Attorney General as an administrative agency in its official capacity, Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
GENE CARTER, Senior District Judge.
This case arises from Plaintiff's ongoing challenge to allegedly unlawful actions taken by Defendants in the course of Maine State Bar disciplinary proceedings against him. Now before the Court is the latest strand of a twisted web of filings made in this Court, the Maine Law Court, the District of Massachusetts, and the United States Court of Appeals for the First Circuit. A complete recitation of the facts and posture giving rise to this case is available in this Court's Order Granting in Part Plaintiff's Motion (Pro Se) to Extend Time For Service of Process Against the Defendants (Docket Item No. 37).
For purposes of the present motion, the Court recites only the following relevant procedural history. A single justice of the Law Court entered a judgment disbarring *97 Plaintiff on April 8, 2004. Plaintiff appealed that judgment to the Law Court, and on April 20, 2004, moved for a new trial and a stay of state court proceedings. The single justice denied both requests on May 3, 2004. Immediately thereafter, the Clerk of the Law Court established a briefing schedule for Plaintiff's appeal of his disbarment. Plaintiff filed this federal suit on May 10, 2004, challenging the state court disbarment proceedings. This Court dismissed the federal action, pursuant to the doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), on June 25, 2004 (Docket Item No. 12), in reliance on the opinion and holding of the First Circuit Court of Appeals in Plaintiff's prior, similar case challenging his temporary suspension from the practice of law. See Williams v. Saufley, Civ. No. 02-204-P-C, Judgment of June 11, 2003 (Unreported) (Docket Item No. 59), at 1-2. Five days later, the Chief Justice of the Law Court entered, on Plaintiff's own motion, an Order staying the state appellate proceedings until the earlier of (a) the resolution of the present federal litigation, or (b) such time as the Law Court orders otherwise. As a result of the stay entered in state court, this Court vacated its Order of Dismissal (Docket Item No. 13).
Plaintiff has now served Defendants with process in this action, as he was ordered to do by this Court (Docket Item No. 37). Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) (Docket Item No. 42). Plaintiff suggests that because the Law Court has now stayed its proceedings, Younger is no longer applicable. This Court does not agree. First, the Younger test looks to the status of state court proceedings at the time the federal complaint is filed. See Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 32 (1st Cir.2004). Plaintiff filed his federal complaint before the Law Court issued a stay in its proceedings. Second, Younger and its progeny specifically provide that "a party may not procure federal intervention by terminating the state judicial process prematurely  forgoing the state appeal to attack the trial court's judgment in federal court." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 369, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Furthermore, "once a state judicial proceeding ... [has] begun, the exhaustion of state judicial remedies ... [is] required by Younger." Maymo-Melendez, 364 F.3d at 34 (1st Cir.2004). It is abundantly clear that Plaintiff has not exhausted his state court remedies in the present action.[1] As a result, Younger and its progeny command this Court to continue to abstain from involvement in the present litigation until final resolution of the proceedings before the Law Court.[2]
It is ORDERED that Defendants' Motion to Dismiss be, and it is hereby, GRANTED,[3] and the Complaint herein is *98 hereby DISMISSED without prejudice.[4]
NOTES
[1] Moreover, the Court notes that the stay of state court proceedings was entered at Plaintiff's request, and the Law Court's order explicitly states that it may lift the stay at any time.
[2] Although Plaintiff alleges racial bias on the part of the Single Justice, this Court finds no "concrete evidence" of bias sufficient to invoke any exception under Younger. See, e.g., Brooks v. N.H. Supreme Court, 80 F.3d 633, 640 (1st Cir.1996).
[3] This application of Younger obviates the need for this Court to presently consider the impact of the Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), upon subject matter jurisdiction in this case.
[4] To the extent Plaintiff contends that any factual allegations set forth in his articulated federal claims assert claims under Maine law, the Court declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3) (expressly authorizing a district court to decline the exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").